**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**AKRON, OHIO**

| | | |
|---|---|---|
| **SANDRA PINKERTON, individually and on behalf of all others similarly situated,** | : : : | **CASE NO:** |
| **PLAINTIFFS,** | : : | **JUDGE:** |
| VS. | : : | **CLASS ACTION COMPLAINT** |
| | : : | **JURY DEMAND ENDORSED HEREON** |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY** | : : : | |
| -and- | : : | |
| **GEICO CHOICE INSURNACE COMPANY** | : : : | |
| **DEFENDANTS.** | : : | |

Now comes Plaintiff **SANDRA PINKERTON**, individually and on behalf of all others similarly situated, and for their complaint against Defendants **GOVERNMENT EMPLOYEES INSURANCE COMPANY** and **GEICO CHOICE INSURANCE COMPANY**, states as follows:

## I.    INTRODUCTION

1. Defendants Geico Choice Insurance Company and/or Government Employees Insurance Company engage in the practice of selling, underwriting, and/or receiving compensation for policies containing Underinsured Motorist coverage with limits below their policyholders' state minimum liability coverage limits.

2. Underinsured Motorist coverage with limits below the policyholder's state minimum liability limits is a coverage that cannot be exercised.

1

3. Defendants have wrongly taken advantage of consumers and their policyholders by knowingly and intentionally offering a product that has no value.

4. Upon information and belief, Defendants have not paid out on a $12,500 UIM coverage in Ohio in, at least, the last five years.

## II.    FACTS

5. Plaintiff is an Ohio resident who resides in Stark County.

6. In 2018, Plaintiff purchased an automobile insurance policy (policy number 4520-21-16-25) (the "policy") from Defendant Geico Choice Insurance Company and/or Government Employees Insurance Company ("Defendants").

7. Defendants solicited Plaintiff's business by unilaterally sending her an email to advertise their insurance coverages, including underinsured motorist coverage, and provide her a "savings estimate."

8. Defendant is and was at all times relevant responsible for marketing the policy, offering the terms of the policy, underwriting the policy, and issuing the policy to Plaintiff.

9. Defendant designed the policy for Plaintiff to contain different coverages and different coverage limits, including bodily injury liability, property damage, uninsured motorist coverage and underinsured motorist coverage.

10. Plaintiff reasonably relied on the guidance and advice of Defendant, a sophisticated insurance corporation in selecting appropriate coverage limits for the policy.

11. Defendants advised Plaintiff of state minimum coverage limits and advised her in selecting appropriate coverage.

12. Plaintiff paid Defendants for the coverage offered by the policy.

13. One coverage Plaintiff pays for is underinsured motorist coverage ("UIM coverage") with a coverage limit of $12,500 per person and $25,000 per occurrence.

14. Plaintiff pays per month for each of her two vehicles for UIM coverage.

15. The amount Plaintiff pays for her UIM coverage is separate and distinct from the amounts that Plaintiff pays for other coverages.

<u>UIM Coverage</u>

16. UIM coverage, including the coverage purchased by Plaintiff, covers damage caused by a driver who has insufficient coverage limits.

17. UIM will cover losses above an underinsured driver's liability coverage limits and up to the claimant's UIM coverage limits.

18. Ohio mandates that all its drivers maintain at least $25,000 per person and $50,000 per occurrence liability coverage.

<u>Plaintiff's "UIM Coverage"</u>

19. Plaintiff's UIM coverage under the policy is a nullity.

20. Plaintiff's UIM coverage provides no protection against an underinsured driver in practice or operation.

21. Plaintiff could not successfully assert a claim against her UIM coverage under the policy Defendant issued her.

22. Plaintiff could not receive benefits from her UIM coverage under the policy Defendant issued her.

23. Plaintiff could never receive benefits from the UIM policy under Ohio law, as a driver could not maintain less than $25,000 limits in Ohio.

24. Although Defendant purported to sell Plaintiff UIM coverage, the UIM coverage Defendant sold Plaintiff provides no coverage.

25. A third-party driver cannot maintain auto liability insurance in Ohio with coverage limits below $12,500, as would be necessary for Plaintiff to exercise her UIM coverage.

### III.    JURISDICTION AND VENUE

26. Defendant, Geico Choice Insurance Company is a company organized under the laws of the state of Nebraska with its principal place of business in the State of Maryland. It is a wholly owned subsidiary of Government Employees Insurance Company, which is a company organized under the laws of the state of Maryland and has its principal place of business in the State of Maryland.

27. Defendants are citizens of the State of Maryland. 28 U.S.C. § 1332(d)(10).

28. This Court has jurisdiction pursuant to 28 USC 1331, which confers upon the Court original jurisdiction over all civil actions arising under the laws of the United States.

29. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the action involves citizens of different states and the amount in controversy exceeds $75,000.

30. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists.

31. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

32. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Plaintiff resides in this District, purchased her policy in this District, and Defendants have marketed, advertised, sold, and issued the coverages at issue within this District.

4

## IV.     CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of herself and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class and subclass (collectively, the "Classes"):

    a. **The Nationwide Class**: All persons or entities in the United States who are current or former policyholders of Defendants and who were sold policies with UIM coverage limits below their state's minimum liability coverage limits.

    b. **The Ohio Subclass:** All persons or entities in the state of Ohio who are current or former policyholders of Defendants and who were sold policies with UIM coverage limits below their state's minimum liability coverage limits.

34. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claim on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim

35. This action has been brought and may be properly maintained on behalf of each of the Classes proposed herein under Federal Rule of Civil Procedure 23.

36. **Numerosity** under Federal Rule of Civil Procedure 23(a)(1): The members of the Classes are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. Although precise numbers are not known, the unlawful practices outlined in this Complaint are believed to impact thousands of consumers. Defendants operate the second largest automobile insurance company in the country. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

37. **Commonality and Predominance** under Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3): This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    a. Whether the practice of selling underinsured motorist coverage below a state's liability coverage limits is unlawful;

    b. Whether Defendants knowingly and intentionally sold an illusory insurance product;

    c. Whether Plaintiff and the other Class members overpaid for their policies;

    d. Whether Plaintiff and the other Class members are entitled to equitable relief, including, but not limited to, restitution or injunctive relief; and

    e. Whether Plaintiff and the other Class members are entitled to damages and other monetary relief and, if so, in what amount.

38. **Typicality** under Federal Rule of Civil Procedure 23(a)(3): Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through Defendants' wrongful conduct as described herein.

39. **Adequacy** under Federal Rule of Civil Procedure 23(a)(4): Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the other members of the Classes she seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; and Plaintiff intends to prosecute this action vigorously. The Classes' interests will be fairly and adequately protected by Plaintiff and her counsel.

40. **Declaratory and Injunctive Relief** under Federal Rule of Civil Procedure 23(b)(2): Defendants have acted on grounds generally applicable to Plaintiff and the other members

of the Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

41. **Superiority** under Federal Rule of Civil Procedure 23(b)(3): A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are small compared to the burden and expense that would be required to individually litigate their claims, so it would be impracticable for Nationwide and Ohio Subclass members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## V.    CAUSES OF ACTION

### COUNT 1 – <u>Breach of Contract</u>

42. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

43. Plaintiff bring this Count individually, on behalf of the Nationwide Class, and on behalf of the Ohio Subclass.

44. Plaintiff entered into a contract with Defendants whereby Defendants agreed to provide her UIM coverage. (The contract is not attached because it is in the custody and control of Defendants).

7

45. Plaintiff fully performed her obligations under the contract by making payments for the UIM coverage every month.

46. Defendants breached their duties by failing to provide Plaintiff with UIM coverage.

47. The purported coverage that Defendants provided Plaintiff is void as a matter of law, useless in practice or operation, provides no coverage against an underinsured driver or, if it does provide coverage, provides coverage in such a minimal amount as to fail to conform to Defendant's representations about the coverage and which is grossly and unreasonably overpriced in light of the monthly premiums paid by Plaintiff.

48. Defendants failed to disclosure to Plaintiff that her UIM coverage was void as a matter of law, useless in practice or operation, provides no coverage against an underinsured driver or, if it does provide coverage, provides coverage in such a minimal amount as to fail to conform to Defendant's representations about the coverage and which is grossly and unreasonably overpriced in light of the monthly premiums paid by Plaintiff.

49. Defendants mislead Plaintiff into believing her UIM coverage provided her a benefit. Absent that misrepresentation, Plaintiff and the other Class members would not have purchased the UIM coverage, would not have purchased the UIM coverage at the prices they paid, and/or would have purchased greater coverage limits that would provide protection against underinsured drivers. Accordingly, Plaintiff and the other Class members overpaid for their UIM coverage and did not receive the benefit of their bargain

50. As a direct and proximate result of Defendants' breach of contract, Plaintiff and the Classes have been damaged in an amount to be proven at trial, which shall include, but is not limited to, all compensatory damages, incidental and consequential damages, and other damages allowed by law.

**COUNT 2** – Fraud and Misrepresentation

51. Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully restated here

52. Plaintiff bring this Count individually, on behalf of the Nationwide Class, and on behalf of the Ohio Subclass.

53. Defendants owed Plaintiff the duty of disclosing that the UIM coverage it was selling was void as a matter of law, useless in practice or operation, provides no coverage against an underinsured driver or, if it does provide coverage, provides coverage in such a minimal amount as to fail to conform to Defendant's representations about the coverage and which is grossly and unreasonably overpriced in light of the monthly premiums paid by Plaintiff.

54. Defendants concealed the fact that the UIM coverage they sold Plaintiff was void as a matter of law, useless in practice or operation, provides no coverage against an underinsured driver or, if it does provide coverage, provides coverage in such a minimal amount as to fail to conform to Defendant's representations about the coverage and which is grossly and unreasonably overpriced in light of the monthly premiums paid by Plaintiff.

55. Defendants represented to Plaintiff that the UIM coverage Plaintiff was purchasing would provide coverage in the event Plaintiff was damaged by an underinsured driver.

56. Defendants represented to Plaintiff that the UIM coverage Plaintiff was purchasing had value.

57. Defendants' representations as outlined in this section, as well as Defendants' representations about the coverage limits, nature, and quality of the UIM coverage they sold Plaintiff were material to Plaintiff's determination to buy UIM coverage, and material in Plaintiff's determination of the amount of UIM coverage to buy.

58. Defendants' representations as outlined in this section, were made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred

59. Defendants' representations as outlined in this section were designed to mislead Plaintiff and induce her into buying UIM coverage that was void as a matter of law, useless in practice or operation, provides no coverage against an underinsured driver or, if it does provide coverage, provides coverage in such a minimal amount as to fail to conform to Defendant's representations about the coverage and which is grossly and unreasonably overpriced in light of the monthly premiums paid by Plaintiff.

60. Plaintiff justifiably relied on Defendants' representations as outlined in this section, as well as Defendants' representations about the coverage limits, nature, and quality of the UIM coverage they were selling to Plaintiff.

61. Defendants mislead Plaintiff into believing her UIM coverage provided her a material benefit. Absent that misrepresentation, Plaintiff and the other Class members would not have purchased the UIM coverage, would not have purchased the UIM coverage at the prices they paid, and/or would have purchased greater coverage limits that would provide protection against underinsured drivers. Accordingly, Plaintiff and the other Class members overpaid for their UIM coverage and did not receive the benefit of their bargain.

62. As a direct and proximate result of Plaintiff's reliance on Defendants' misrepresentations and concealments, Plaintiff has been damaged by expending funds on a coverage that is void as a matter of law and provides no coverage, or no practical coverage, against an underinsured driver.

63. Accordingly, Defendants are liable to Plaintiff and Nationwide and State Class members for damages in an amount to be proven at trial.

64. Defendants' acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and Class members' rights and the representations that Defendants made to them, in order to enrich Defendants. Defendants' conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

**COUNT 3** – <u>Conversion</u>

65. Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully restated here

66. Plaintiff bring this Count individually, on behalf of the Nationwide Class, and on behalf of the Ohio Subclass.

67. Plaintiff rightfully possessed the funds she used to purchase the UIM coverage.

68. Defendants wrongfully converted Plaintiff's property by misleading Plaintiff about the value of the UIM coverage it sold her and by misrepresenting that the UIM coverage it sold her would cover claims against underinsured drivers.

69. As a direct and proximate result of Defendants' wrongful conversion of Plaintiff's funds, Plaintiff has been damaged by expending funds on a coverage that is void as a matter of law and provides no coverage against an underinsured driver.

70. Accordingly, Defendants are liable to Plaintiff and Nationwide and State Class members for damages in an amount to be proven at trial.

71. Defendants' acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and Class members' rights and the

representations that Defendants made to them, in order to enrich Defendants. Defendants' conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

## COUNT 4 – Breach of Fiduciary Duty

72. Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully restated here

73. Plaintiff bring this Count individually, on behalf of the Nationwide Class, and on behalf of the Ohio Subclass.

74. Plaintiff relied on Defendants, and Defendants recognized that Plaintiff was relying on their expertise, to recommend appropriate insurance coverages for her needs.

75. Plaintiff had a right to trust Defendants' representations in her business dealings with them.

76. Plaintiff had a right to believe that Defendants would not sell Plaintiff a product that had no value.

77. Both parties recognized Defendants' superior knowledge, as well as the special confidence and trust Plaintiff reposed in the integrity and fidelity of Defendants that Defendants were in a position of superiority or influence, acquired by virtue of this special trust.

78. Defendants owed Plaintiff a fiduciary duty.

79. Defendants breached the fiduciary duty they owed to Plaintiffs by failing to act in good faith and fairly to Plaintiffs.

12

80.  As a direct and proximate result of Defendants' breach of fiduciary duty, Plaintiff has been damaged by expending funds on a coverage that is void as a matter of law and provides no coverage against an underinsured driver.

81. Accordingly, Defendants are liable to Plaintiff and Nationwide and State Class members for damages in an amount to be proven at trial.

82. Defendants' acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and Class members' rights and the representations that Defendants made to them, in order to enrich Defendants. Defendants' conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

### COUNT 5 – Negligence

83.  Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully restated here

84.  Plaintiff bring this Count individually, on behalf of the Nationwide Class, and on behalf of the Ohio Subclass.

85.  Defendants owed Plaintiff a duty of reasonable care, including the duty to reasonably research and apply Ohio's insurance laws.

86.  Defendants breached their duty to Plaintiff by negligently underwriting a coverage that is void as a matter of law, useless in practice or operation, provides no coverage against an underinsured driver or, if it does provide coverage, provides coverage in such a minimal amount as to fail to conform to Defendant's representations about the coverage and which is grossly and unreasonably overpriced in light of the monthly premiums paid by Plaintiff.

87.  As a direct and proximate result of Defendants' breach of fiduciary duty, Plaintiff has been damaged by expending funds on a coverage that is void as a matter of law, useless in practice or operation, provides no coverage against an underinsured driver or, if it does provide coverage, provides coverage in such a minimal amount as to fail to conform to Defendant's representations about the coverage and which is grossly and unreasonably overpriced in light of the monthly premiums paid by Plaintiff.

88.  Accordingly, Defendants are liable to Plaintiff and Nationwide and State Class members for damages in an amount to be proven at trial.

89.  Defendants' acts were done wantonly, maliciously, oppressively, deliberately, with intent to defraud, and in reckless disregard of Plaintiff's and Class members' rights and the representations that Defendants made to them, in order to enrich Defendants. Defendants' conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

### COUNT 6 – Unjust Enrichment

90.  Plaintiff incorporates by reference each and every prior and subsequent allegation of this Complaint as if fully restated here

91.  Plaintiff bring this Count individually, on behalf of the Nationwide Class, and on behalf of the Ohio Subclass.

92.  Plaintiff and members of the Classes conferred a benefit on Defendants by, inter alia, paying for the UIM coverage at issue.

93.  Defendants have retained this benefit and know of and appreciate this benefit.

94.  Defendants were and continue to be unjustly enriched at the expense of Plaintiff and Class members.

95.  Defendant should be required to disgorge this unjust enrichment.

## VI.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of Classes, respectfully request that the Court enter judgment in their favor and against Defendants, as follows:

i)     Certification of the proposed nationwide Class;

ii)    Certification of the proposed Ohio Subclass;

iii)   Appointment of Plaintiff's counsel as Class Counsel;

iv)    An order appointing Plaintiff as lawful and adequate representative of the nationwide Class and Ohio Subclass;

v)     A declaration that it is unlawful for an insurer to sell underinsured motorist coverage below a state's liability minimum coverage limits;

vi)    A declaration that the Defendants are financially responsible for notifying all Class Members about the defection nature of the UIM coverage;

vii)   A declaration by the Court, pursuant to Ohio Revised Code 1345.09(D), that the Defendants' actions constitute an unfair, deceptive, or unconscionable business practice under Ohio's Consumer Sales Practices Act, R.C. § 1345.01, et seq.;

viii)  An order temporarily and permanently enjoining Defendants from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

ix)    Plaintiff's, Class, and Subclass Members actual damages in excess of $75,000.00

x)     Costs, restitution, damages, including punitive damages, and disgorgement in an amount to be determined at trial;

xi)    For treble and/or punitive damages as permitted by applicable laws

xii)   An order requiring Defendants to pay both pre- and post-judgment interest on any

amounts awarded;

xiii)   An award of costs and attorneys' fees; and

xiv)   Such other or further relief as may be appropriate.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL FOR ALL CLAIMS SO TRIABLE.**

Respectfully submitted,

**ERIC W. HENRY (0086750)**
The Henry Law Firm
529 E. Washington St.
Suite 240
Chagrin Falls, OH 44022
(440) 337-0083 P
(440) 337-0084 F
eric@erichenrylaw.com

Attorney for Plaintiff

16